## Obici Trust

*John R. Lenahan, Andrew Hourigan* and *Morgan, Lewis & Bockius,* for petitioners.

*Welles & Mackie* and *James W. Scanlon,* for respondent.

*M. Paul Smith,* for beneficiary.

BRADY, P. J., August 24, 1956.—On March 14, 1956, Frank A. English and R. J. Lisman, successor cotrustees of the charitable trust of Amedeo Obici (now deceased) dated January 13, 1945, presented their petition, joined by the principal beneficiary, Louise Obici Memorial Hospital of Suffolk, Virginia, for a declaratory judgment. A citation was granted, directed against The Third National Bank and Trust Company of Scranton and Joseph Rocereto, corporate trustee and successor cotrustee, respectively, of the charitable trust. The petition requested the interpretation of paragraphs 18 and 19 of the trust agreement and the validity and confirmation of the appointment of a successor cotrustee.

On the pleadings, stipulations of the respective counsel, their arguments, and after consideration of

the briefs, the material facts, opinion and decree follow.

## Facts

1. On January 13, 1945, Amedeo Obici executed a certain charitable trust agreement with the Third National Bank and Trust Company, Scranton, in which he and the Third National Bank and Trust Company were named as cotrustees during his lifetime, with successors as provided therein, to hold certain shares of the Planters Nut and Chocolate Company (representing working control of the company) which shares were deposited with the trustees. The trust provided that the income thereof was to be paid to Amedeo Obici during his life and thereafter was to be used to establish and maintain the "Louise Obici Memorial Hospital" at Suffolk, Virginia. A small portion of the income and, on termination, of the principal was to be paid to Ospedale Civili Tomitano of Oderzo, Italy, if possible and practical in the sole judgment of the trustees.

2. Subsequently, pursuant to the terms of the agreement, Amedeo Obici executed amendment no. 1 on April 21, 1945, amendment no. 2 on June 16, 1945, and amendment no. 3 on April 19, 1946. The charitable trust agreement as amended, a copy of which is attached to the petition, is by reference made a finding herein.

3. Paragraphs 18, as amended, and 19 of the trust agreement read as follows:

[18] "Upon the death of the Settlor, Mario Peruzzi shall act as co-trustee with the Corporate Trustee, and upon the death of Mario Peruzzi, Frank A. English, R. S. Lisman, C. H. Murden and Joseph Rocereto shall act as co-trustees with the Corporate Trustee.

"If any of the individual co-trustees herein shall die, resign, refuse to act, be declared mentally incompetent or remove themselves or be removed for any

cause, then the surviving individual co-trustees shall appoint another individual or individuals to act as successor co-trustee so that at no time shall there be less than four individuals acting as co-trustees. The successor individual co-trustee so appointed shall not be related to any of the other co-trustees then acting.

"The individual Trustees shall not be required at any time to file a bond in order to qualify or to act."

"19. In the event of a disagreement between the Corporate Trustee and the Individual Trustee or Trustees, the decision of the Individual Trustee or Trustees shall be conclusive and binding. In the event of a disagreement among the individual Trustees, the decision of Joseph Rocereto shall be conclusive and binding. In the event Joseph Rocereto is not a co-trustee at the time, the decision of a majority of the Individual Trustees shall be conclusive and binding."

4. Settlor, Amedeo Obici, died May 21, 1947. Thereupon, Mario Peruzzi assumed the position of successor cotrustee and served until his death on December 10, 1955.

5. During the trusteeship of Mario Peruzzi, one of the named successor cotrustees, namely, C. H. Murden, died.

6. The three surviving successor cotrustees, Frank A. English, R. S. Lisman and Joseph Rocereto, at a meeting called January 31, 1956, to appoint a successor cotrustee to fill the vacancy caused by the death of C. H. Murden effected appointments of two persons to the one vacancy in the four trusteeships.

7. Frank A. English and R. S. Lisman, surviving cotrustees, nominated and voted P. J. McGough as a successor cotrustee.

8. Joseph Rocereto, surviving cotrustee, nominated and voted Elizabeth O. Peruzzi, and by virtue of his power conferred under paragraph 19 of the trust agreement, asserted his appointment conclusive and

binding because of the disagreement among the co-trustees.

9. The Third National Bank and Trust Company, corporate trustee, under letter of March 15, 1956, notified the cotrustees, Frank A. English and R. S. Lisman, that it deemed Elizabeth O. Peruzzi as the duly appointed successor cotrustee in place and stead of C. H. Murden, deceased.

10. The appointment of Elizabeth O. Peruzzi under the provisions of paragraph 19 by Joseph Rocereto, cotrustee, and her acceptance of the office was filed in the office of the clerk of this court on February 23, 1956.

## Opinion

The issue raised in the petition and answer for a declaratory judgment is the interpretation of paragraphs 18[1] and 19 of the charitable trust of settlor, Amedeo Obici, now deceased.

The question to be answered is: By the provisions of paragraph 19 is the power to appoint successor individual cotrustees under paragraph 18 virtually in respondent, Joseph Rocereto, one of the named acting individual cotrustees?

Paragraph 19 confers on respondent, Joseph Rocereto, prerogative power of conclusive and binding decision in the event of a disagreement among the individual cotrustees. It further confers a similar prerogative power on the individual cotrustees in the event of a disagreement between the corporate trustee and themselves.

Paragraph 18, as amended (June 16, 1945), names the persons to act as cotrustees with the corporate trustee following the deaths of Amedeo Obici and Mario Peruzzi, and confers appointive power on the

---

[1] Paragraph 18 in this discussion is considered to comprise sub-paragraph 18 of the trust agreement conferring appointive power to fill vacancies.

surviving named individual cotrustees to fill a vacancy in the four cotrusteeships therein created: ". . . If any of the individual co-trustees herein named shall die . . . then the surviving individual co-trustees shall appoint another individual or individuals to act as successor co-trustee, so that at no time shall there be less than four individuals acting as co-trustees."

Is the "disagreement" among the surviving individual cotrustees, Frank A. English and R. S. Lisman, petitioners, and Joseph Rocereto, respondent, in the exercise of the appointive power to fill a vacancy on the death of C. H. Murden, one of the four named individual cotrustees, a disagreement which under paragraph 19, respondent, Joseph Rocereto, with his prerogative power of decision, can resolve by appointing his nominee, Elizabeth O. Peruzzi?

In the opinion of the court, a disagreement under the meaning and intent of paragraph 19 is differences of opinion between the corporate trustee and the individual cotrustees as to prudent actions and policies in trust administration and similar differences among the individual cotrustees. Such disagreements were certainly envisaged by settlor and he conferred prerogative powers of binding and conclusive decision to resolve such disagreements.

But the court is further of the opinion that the prerogative power conferred in paragraph 19 is not a super-power to the appointive power conferred in paragraph 18. The frame of reference for paragraph 18 is the naming of cotrustees and appointment of successor cotrustees. The power of appointment must necessarily be exercised before the power of prerogative decision can become a reality. The frame of reference [2] for meaning and intent of "disagreements" in paragraph 19 is differences of opinion among the four cotrustees in the administration of the trust, ". . . so

---

[2] Disagreement between cotrustees and corporate trustee also.

that at no time shall there be less than four individuals acting as co-trustees."

In substance, the prerogative power of decision on disagreements under paragraph 19 cannot possibly be exercised prior to the cause and reason for such exercise, *four* individual cotrustees among whom such disagreements only can[3] arise, ". . . so that at no time shall there be less than four acting as co-trustees."

The appointment of Elizabeth O. Peruzzi by Joseph Rocereto, one of the surviving cotrustees, to fill the vacancy in the cotrusteeship on the death of C. H. Murden, under the provisions of paragraph 19 of the charitable trust agreement, was an abortive use of power and has no validity and effect.

The appointment of P. J. McGough as a successor cotrustee by the nomination and votes of Frank A. English and R. S. Lisman, surviving cotrustees, conforms to the provisions of paragraph 18 under the circumstances alleged and admitted, and is a valid and effective appointment as aforeconsidered and interpreted.

---

[3] After deaths of the Settlor and Mario Peruzzi.